29 C.C.P.A. (Patents)

## In re MEYER et al.

### Patent Appeal No. 4535.

Court of Customs and Patent Appeals.

Dec. 29, 1941.

Wheeler, Wheeler & Wheeler, of Milwaukee, Wis. (S. L. Wheeler, of Milwaukee, Wis., of counsel), for appellants.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

This case involves the application of Joseph J. Meyer and Frank A. Jones for a patent on an improvement in hinged structures. Four claims are presented in the record before us, numbered 5 to 8, inclusive, of which claim 5 is directed to the hinge per se, while the remaining claims cover the hinged structure in which the hinge is employed. Claims 5 and 6, we think adequately illustrate all the appealed claims and follow:

"5. A hinge element for use in a double-acting hinge set, said element comprising a frame of bar stock providing spaced and substantially parallel pintle bars, the spacing between such pintle bars corresponding substantially to the thickness of the members to be hingedly connected, and a hinge leaf pivoted on each of such pintle bars, each of said leaves comprising a strip of thin flat stock folded about the bar to comprise an eye substantially equal in length to said bar and thence having its ends superposed in face contact substantially symmetrically with reference to said eye to comprise a uniformly flat leaf, whereby the axis of each of said pintle bars is substantially in the plane of face contact of the superposed ends of the stock folded about such bar.

"6. In a hinged structure, the combination with members requiring double-acting hinge connection, said members having abutting end faces and corresponding opposite side faces, of a plurality of like hinge elements connecting said members at several differing levels, each such element including a pintle frame having pintle bar portions spaced substantially by the distance between the opposite faces of said members, and straps each folded upon itself intermediate its ends to provide an eye in pivotal engagement about one of the pintle bars, the ends of the straps being superposed and provided with means connecting said ends with opposing faces of the respective members, the pintle bars at each side of the said members being respectively connected with different members, and the straps connected with pintle bars at a given face of one of said members being in each instance connected with the opposite face of the other member."

The references relied upon are: Manneck, 143,704, Oct. 14, 1873; Morris, 428,-402, May 20, 1890; Smith, 477,465, June 21, 1892; St. Amand, 731,389, June 16, 1903; Armstrong (Br.), 151,133, Sept. 23, 1920; Mayer (Ger.), 469,646, Dec. 15, 1928.

The Primary Examiner of the United States Patent Office rejected claim 5 as "unpatentable over either Morris or Mayer when considered with St. Amand, Smith or Manneck." Claims 6, 7 and 8 were rejected by the examiner as "being drawn to an old combination which it is believed Armstrong clearly shows." The examiner further said: "* * * However, it is not considered, as was pointed out with reference to claim 5, that the hinge structure per se is of a patentable nature, and even though these claims were amended so as to relieve them of the rejection on old combination, the hinge structure per se would still be considered as met by the references as applied in the rejection of claim 5."

Upon appeal, the Board of Appeals affirmed the decision of the examiner. From the decision of the board, appellants have appealed here.

The examiner, in describing the structure claimed in the application, said: "This invention relates primarily to a hinged structure which comprises a frame of bar stock providing spaced and substantially parallel pintle bars together with hinge leaves folded around said spaced pintle bars and extending therefrom, each of the leaves being made up of thin stock material so folded as to provide an eye surrounding the pintle which is substantially symmetrical with relation to the extended flange. In other words, the eye portion of the hinge leaves is so formed as to extend equally from each side of the folded hinge leaf. This particular hinge has been disclosed as finding its primary use with a plurality of frame members which can be so connected by means of the hinges that the frame members may be folded either to the right or to the left."

The applicants succinctly describe their hinge as follows: "All there is to the applicants' hinge per se is simply two straps of thin sheet metal centrally folded about the opposite legs of a square yoke to provide two ply leaves centered with reference to the pintles provided by the yoke and reversible as to application by reason of the lack of counterbore and by reason of applicants' specific mode of application * * *."

In illustrating the application of the hinge to the structure to be hinged, applicants employ a folding screen, to the exposed faces of contiguous panels of which the hinges are connected at three points, the intermediate hinge in each instance having its leaves facing in opposite directions from the hinges at top and bottom. In their brief the applicants place much stress upon the alternating application of the hinges and also upon the fact that the hinged leaves are applied to the exposed faces of the panels of the screen rather than to their contiguous edges as shown in the prior art, it being contended that the applicants' manner of application results in no bending stresses acting on the leaves, the tension being directly absorbed in the wooden bars themselves, with the result that lighter metal may be used.

We will first consider claim 5, which is for the hinge per se, which claim was rejected as having been met by either Morris or Mayer in view of St. Amand, Smith or Manneck. Without going into detail, the Morris patent, we think, substantially shows the structure disclosed here by the applicants. Morris shows a double hinged structure which comprises an intermediate rectangular frame member corresponding to that shown by appellant. The hinge plates of Morris are attached to the frame by bending portions of the plates around opposite parallel sides of the frame as in appellants' structure. The difference between them is that appellants' hinged plate is folded to produce a two-ply plate with a symmetrically arranged eye. The two-ply plate and symmetrically arranged eye are suggested by the Smith patent and the St. Amand patent.

The German patent to Mayer shows hinged plates of two-ply form (the eye is not symmetrically arranged with respect to the plates) very similar to that of the applicants. Although the structure of Mayer would seem to make it a double-acting hinge if it was desirable to so use it, he uses the same to attach a cover to a chest. The board pointed out: "* * * In addition to Mayer, the patents to St. Amand, Smith and Manneck all show hinge leaves formed in the same general manner as in the application, and Smith even shows the center of the eye in the same plane as the contiguous surfaces of the leaf members. Manneck uses thin sheet metal in forming his leaves. To make the leaves of Morris by folding to form two plies, clearly would not amount to invention, in view of the other patents. Also to centrally locate the eye in such structure, or in Mayer, would be unpatentable in view of Smith. The use of flat stock which is thin is a matter of choice,

and further is disclosed in Manneck. * * *"

As to claim 5, the critical question seems to be: In view of the elements of the prior art to which reference has been made, was it inventive for appellants to use the kind of material suggested in one patent in making a double-acting hinge shown in another and to centrally locate the eye as shown by Smith?

■ ■ Often, patentable improvement may rest in putting together desirable elements of the prior art and making them perform in a new, useful and unobvious way. All improvement that results from combinations of old elements is not necessarily inventive. Something must be left to the exercise of mechanical skill. Usually the question that presents itself in view of the prior art is: Did the applicants do the obvious thing to one skilled in the art? As to claim 5, which covers the hinge per se, it is not clear to us that the two tribunals below, for the reasons assigned by them, erred in refusing to allow said claim.

Claims 6, 7 and 8 are drawn to "the hinged structure" and cover, in combination, the hinge and the structure to which it is applied. Appellants' application states that "the elements connected by the hinge are an essential part of the structure contributing to the function thereof." No reference shows a hinge such as appellants have devised attached to the face (rather than the edge) of the hinged structure and arranged so that the hinges are staggered. So, it becomes a question as to whether or not, in view of the prior art which shows, as has been pointed out, all the individual elements of the hinge, it amounted to invention to apply appellants' hinges to the structure as called for by claims 6, 7 and 8.

It must be remembered that Armstrong suggested that his hinge, which is unlike appellants' in a number of respects and functions differently, might be placed on the sides of the hinged structure rather than the edges and also shows that his hinges might be placed on the alternate edges of the abutting portion. He did not show that they could be placed on the alternate sides.

Appellants have demonstrated with models the difference in the manner of performance of their hinges when applied as called for by claims 6, 7 and 8 and that of anything shown in the prior art. It is pointed out that in double-hinging heavy screens with a hinge like appellants' the feature of placing the plates on the sides rather than the edges causes the pressure on the nails holding the plates to be made laterally rather than in a direction tending to pull them from the wood and also that appellants avoid the hinged members spreading apart by placing the hinges alternately on the hinged members.

■ ■ It seems clear to us that appellants have greatly improved the art and we are not prepared to say that they have only done that which would be obvious to one skilled in the art. On the question of patentability, patent applicants are entitled to have doubts resolved in their favor. We think their invention rests in applying their particular hinge in the manner defined by claims 6, 7 and 8 and that, to that extent, they are entitled to patent protection.

The decision of the Board of Appeals is affirmed as to claim 5 and reversed as to claims 6, 7 and 8.

Modified.

JACKSON, Associate Judge, dissents as to the allowance of claims 6, 7 and 8.